IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CARLOS LOPEZ ROSADO,

                        Petitioner,

  v.                                                OPINION and ORDER

WARDEN E. EMMERICH,                              25-cv-630-jdp

                        Respondent.

---

Petitioner Carlos Lopez Rosado, proceeding without counsel, seeks relief under 28 U.S.C. § 2241. Dkt. 1. Lopez Rosado contends that Bureau of Prison officials have denied him First Step Act time credits based on an arbitrary determination that his conviction for distributing fentanyl makes him ineligible for that relief.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions like this one brought under § 2241.[1] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this petition brought by an unrepresented petitioner, I must read the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will deny Lopez Rosado's petition because he was convicted of an offense that makes him ineligible for First Step Act time credits.

Lopez Rosado pleaded guilty to distributing more than two kilograms of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 841(a),

---

[1] *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

§ 841(b)(1)(A)(vi), and 18 U.S.C. § 2. *United States v. Lopez Rosado*, 20-cr-261 (E.D. Penn.). Lopez Rosado received a 120-month sentence of imprisonment followed by five years of supervised release. Lopez Rosado is incarcerated at FCI-Oxford and has a release date of March 27, 2031.

Bureau of Prisons staff are denying Lopez Rosado time credits under the First Step Act, stating that the nature of his conviction precludes him from receiving those credits. Prisoners are ineligible to receive those credits if they are serving sentences for certain offenses, including those whose § 841(a)(1) offenses involve: (1) 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, so that they are sentenced under § 841(b)(1)(A)(vi); or (2) 40 grams or more of a mixture of substance containing a detectable amount of fentanyl, so that they are sentenced under § 841(b)(1)(B)(vi). 18 U.S.C. § 3632(d)(4)(D)(lxvi). Ineligible prisoners also include those who are sentenced under § 841(a)(1)(A) or § 841(b)(1)(B), if the sentencing court finds that: (1) the § 841(a)(1) offense involved a mixture or substance containing a detectable amount of fentanyl; and (2) the prisoner "was an organizer, leader, manager, or supervisor of others in the offense," as determined under the federal sentencing guidelines. Section 3632(d)(4)(D)(lxviii). BOP staff have denied Lopez Rosado First Step Act time credits under § 3632(d)(4)(D)(lxvi) because he was convicted of an offense involving more than 400 grams of fentanyl.

Rosado Lopez's contends that when read together, § 3632(d)(4)(D)(lxvi) and § 3632(d)(4)(D)(lxviii) are ambiguous, stating that both prohibit prisoners from receiving First Step Act time credits if they were sentenced to offenses involving a certain amount of fentanyl, but that § 3632(d)(4)(D)(lxviii) contains the added requirement that the prisoner must be a leader in the offense. He thus reasons that § 3632(d)(4)(D)(lxvi) overlaps with

§ 3632(d)(4)(D)(lxviii) and that the BOP's decision to deny him First Step Act time credits under § 3632(d)(4)(D)(lxvi) was arbitrary, and that the rule of lenity requires the application of § 3632(d)(4)(D)(lxviii). Lopez Rosado concludes that because the sentencing court did not find that he was a leader in his offense, he's eligible for First Step Act time credits to be applied to his sentence.

I will deny Rosado Lopez's habeas petition because this and other courts have consistently rejected this argument. *See Jones v. Emmerich*, Case No. 25-cv-661-jdp (Oct. 6, 2025) (collecting cases). As I stated in *Jones*, § 3632(d)(4)(D)(lxviii) includes conduct not covered by § 3632(d)(4)(D)(lxvi). A prisoner loses eligibility for First Step Act time credits if he was sentenced based on: (1) violating the enhanced penalty quantity thresholds for fentanyl, *see* § 3632(d)(4)(D)(lxvi); or (2) violating the enhanced penalty thresholds for any substance and the sentencing court finds that the offense involved a mixture or substance containing a detectable amount of fentanyl and that the defendant was a leader in the offense, *see* § 3632(d)(4)(D)(lxviii). See also *Perry v. United States*, Case No. 19-cr-88, 2024 WL 4608851, at *4 n.3 (D. Me. Oct. 29, 2024), *report and recommendation adopted*, 2025 WL 260086 (D. Me. Jan. 22, 2025).

Section § 3632(d)(4)(D)(lxvi) is clear that prisoners like Lopez Rosado sentenced under § 841(b)(1)(A)(vi) are unambiguously excluded from receiving First Step Act time credits. Lopez Rosado hasn't shown any inconsistency or redundancy between § 3632(d)(4)(D)(lxvi) and § 3632(d)(4)(D)(lxviii), so the BOP did not arbitrarily deny Lopez Rosado those credits. I will deny the petition and close the case.

ORDER

IT IS ORDERED that:

1. Petitioner Carlos Lopez Rosado's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close the case.

Entered October 27, 2025.

>BY THE COURT:
>
>/s/
>
>_____
>JAMES D. PETERSON
>District Judge